

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-3396
Re: Conviction of a high school
student of a crime — Dismissal
from school — Transfer of credits.

We received your letter dated April 7, 1941, requesting our opinion on certain questions contained in an enclosed letter. We quote from the enclosed letter as follows:

"We have a boy here that is a member of our senior class. On March 25 the Grand Jury in the District Court of Leon County returned an indictment charging him with assault with intent to rape. The crime was alledged to have occurred on Friday, March 21. His trial started on Thursday, March 27, and on April 1 the jury returned a verdict of guilty and assessed his punishment at five years in the state penitentiary with the sentence suspended.

"The questions:

"1.  Does this conviction prohibit this boy from returning to school and completing his work?

"2.  Does this conviction furnish this school board sufficient legal grounds to expel this boy from school?

"3.  Is this boy entitled to have his credits transferred to another high school during the term of his sentence?"

We have been unable to find any statute that would, of its own force, prohibit the student mentioned above from returning to school and completing his work. In the absence of a statute disqualifying a student from attending school for the reason of being convicted of a crime as heretofore mentioned, your first question is answered in the negative.

Article 2780, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"Said trustees shall adopt such rules, regulations and by-laws as they may deem proper; and the public free schools of such independent district shall be under their control; and they shall have the exclusive power to manage and govern said schools, . . . ."

We have been advised that the school district involved herein is an independent school district. This being true, Article 2780, supra, is applicable thereto. Temple Independent School District et al. v. Proctor, 97 S. W. (2d) 1047 (writ refused). This article gives the school board the power to enforce discipline. Bishop v. Houston Independent School District, 29 S. W. (2d) 312; 119 T. 403.

We think that the rule applicable here is well stated in the case of State ex rel. Dresser v. District Board of School District, 116 N. W. 232, which we quote as follows:

". . . . This court therefore holds that the school authorities have the power to suspend a pupil for an offense committed outside of school hours, and not in the presence of the teacher which has a direct and immediate tendency to influence the conduct of other pupils while in the schoolroom, to set at naught the proper discipline of the school, to impair the authority of the teachers, and to bring them into ridicule or contempt. Such power is essential to the preservation of order, decency, decorum, and good government in the public schools."

In answer to your second question, you are advised that, by reason of the circumstances, the school board may expel him from school if it finds as a fact that his presence in school adversely affects the welfare of the school and the best interests of the other students.

For further authorities, see Douglas v. Campbell et al., 116 S. W. 211; King v. State, 169 S. W. 675, 37 Tex. Jur. 1062; 24 R. C. L. 644-648, and 33 A. L. R. 1175.

In answer to your third question, we wish to advise that we have been unable to find any statute pertaining to the transfer of credits from one school to another. This is a matter which appears to be governed by regulations issued by the State Superintendent of Public Instruction. As we view the matter, the boy should not be denied a transcript of his credits, no matter what his conduct might have been. You are advised, therefore, that the boy in question is entitled to have his credits transferred to another school in conformity with regulations governing this procedure. However, we do not pass upon his right to attend another school.

Yours very truly

APPROVED APR 23, 1941                ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL                     By          Lee Shoptaw

                                                 Lee Shoptaw
                                                 Assistant

LS:AMM

